# DENVER AND RIO GRANDE RAILROAD COMPANY *v.* ARIZONA AND COLORADO RAILROAD COMPANY OF NEW MEXICO.

## APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF NEW MEXICO.

No. 188.   Argued April 22, 1914.—Decided May 11, 1914.

This court is slow to disturb the decision of the Supreme Court of a Territory in regard to matters of local practice and the construction of state statutes. *Nadal* v. *May, ante*, p. 447.

While the record of proceedings of a board of directors, when made, is the best evidence, if it is found that no record was made, the admission of secondary evidence is not reversible error. *Bank of the United States* v. *Dandridge*, 12 Wheat. 64.

This court sees no reason for reversing the Supreme Court of the Territory of New Mexico in holding that a railroad company was entitled under §§ 3850 and 3874, Compiled Laws, to protection as soon as its final location was completed.

Under the circumstances of this case, the plaintiff railroad company was not guilty of laches in the location and protection of its right of way.

A defendant railroad company acquires no new rights by going ahead with location and construction after a suit has been commenced by another company claiming a prior location.

16 New Mex. 281, affirmed.

THE facts, which involve the conflicting claims of two railroad companies to a right of way in New Mexico, are stated in the opinion.

*Mr. E. N. Clark*, with whom *Mr. Joel F. Vaile* and *Mr. R. G. Lucas* were on the brief, for appellant.

*Mr. T. B. Catron*, with whom *Mr. B. W. Ritter* was on the brief, for appellee.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill brought by the appellee, a corporation of New Mexico, to restrain the appellant from entering upon and interfering in various ways with its right of way. After a trial the plaintiff (appellee) got a decree, conditioned, as to the portions of the line then occupied by the defendant in the actual operation of its railway, upon the plaintiff's constructing at least twenty-one miles of railroad, &c., and limited as a whole to five years from the date of the decree. This was affirmed by the Supreme Court of the Territory. 16 New Mex. 281. See 13 New Mex. 345. There are fifty-eight assignments of error, but the propositions argued fall into narrower compass. They are, that the plaintiff never adopted the line it claims; that there was no appropriation of the land until the plaintiff's location map was filed, after the beginning of this suit; that the plaintiff has lost whatever rights it had by laches and inability to construct its line; that there is no irreparable injury or other ground for equitable relief; and that the plaintiff had adequate remedies under the condemnation statutes and by ejectment. So far as they need discussion we will take these up in turn.

It is found that the plaintiff adopted the line in question; but it is argued that this finding is shown to be wrong as matter of law by reason of specific facts set forth in findings of the Supreme Court made, after the delivery of its opinion, in addition to those adopted from the court below. These are that certain small portions of the line between the northern boundary of the State and the town of Farmington are not covered by any order of adoption on the part of the directors shown by the records, and that the finding that those portions were adopted is based on the oral testimony of the plaintiff's chief engineer. (We do not stop to notice a slight contra-

diction in form between different parts of the findings, as the meaning is perfectly clear.)    The argument is that adoption by the directors is necessary, which is admitted, and that, as the Compiled Laws of 1897, § 3832, require the directors to keep a complete record of all proceedings in a special book, such record is the only admissible evidence of the fact.    But this is a matter of local practice and the construction of a local statute, as to which we should be slow to disturb the decision of the local court.    *Nadal* v. *May,* this term *ante,* p. 447.    The statute does not in terms purport to make the validity of the directors' action dependent upon being recorded.    No doubt the record when made would be the best evidence, but it being found that no record was made, the admission of secondary evidence is no ground for reversing the decree. *Bank of the United States* v. *Dandridge,* 12 Wheat. 64, 69. In the opinion of the court this question is avoided, but the finding subsequently added, coupled with the finding that the line was adopted, imports the ruling of law that we have supposed.

The next objection is that the maps of the disputed portion of the road were not filed as required by § 3874 until the day after this suit was begun, and attention is called to § 3850 which requires a petition for condemnation to set forth that the company has surveyed the line of its proposed road and made a map thereof and that it has located its road according to such survey.    But by § 3874 the company is not required to record its map until 'within a reasonable time after its road shall have been finally located,' which it is found to have done, and again we see no sufficient reason for reversing the decision of the local court that a company is entitled to protection as soon as its final location is complete.    *Wheeling, B. & T. Ry. Co.* v. *Camden Cons. Oil Co.,* 35 W. Va. 205, 209.

Next it is said that the plaintiff has been guilty of laches. But it is found that the defendant with full knowledge

threatened and intended to take and occupy and has crossed and recrossed the plaintiff's location at many points and different grades, with circumstances not necessary to be detailed, and thus has made it impracticable for the plaintiff to proceed. It is found also that in the location and acquisition of its line the plaintiff proceeded with due diligence and in good faith, and that it had expended more than one hundred thousand dollars in the location and securing rights of way before the beginning of this suit. The defendant has gone ahead since the suit was begun, but of course has acquired no new rights by doing so. The objections to equitable jurisdiction do not need separate discussion. The line is found to be the best line between the points and the plaintiff is entitled to it. It neither is to be forced into a compulsory sale nor to be remitted to legal or statutory remedies that rightly are thought to be inadequate by the local court.

*Decree affirmed.*